FILED & ENTERED

NOV 16 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EcoSmart, Inc.,<br><br>        Debtor. | Case No. 2:15-bk-27139-RK<br><br>Chapter 7<br><br>**SUPPLEMENTAL ORDER ON DEBTOR'S MOTION FOR ORDER TO PAY PRE-PETITION WAGES, EMPLOYEE DEDUCTIONS AND RELATED RELIEF**<br><br>**Further Hearing:**<br>Old Date: November 17, 2015<br>Old Time: 1:30 p.m.<br>New Date: November 25, 2015<br>New Time: 10:30 a.m.<br>Place:    Courtroom 1675<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

    Pending before the court is the remaining portion of Debtor's motion for an order authorizing it to pay pre-petition wages, employee deductions and related relief, currently set for hearing on November 17, 2015 at 1:30 p.m. At the initial hearing on the motion heard on shortened notice on November 12, 2015, pursuant to Local Bankruptcy Rule 2081-1, the court granted the motion in part to allow payment of prepetition priority wages to the Debtor's employees pursuant to 11 U.S.C. § 507(a)(4)(A), but reserved ruling on payment of prepetition commissions to independent contractors, pending submission of

admissible evidence showing that such independent contractors met the test of 11 U.S.C. § 507(a)(4)(B) that Debtor is the source of at least 75 percent of the commissions paid to each independent contractor in the 12 months before the filing of the bankruptcy petition.

Debtor filed supplemental pleadings, including declarations of two independent contractors, Katherine Lam and Pau Torruella, and of its chief executive officer, Alexander Eburne, regarding Ms. Lam's work as a temporary contract worker for Debtor in providing graphic design services. Both of these workers attest that Debtor is the source of at least 75 percent of their earnings during the 12-month period before the filing of Debtor's bankruptcy petition on November 8, 2015. However, other than for these two workers, Debtor did not submit other evidence that the claims of other independent contractors it seeks authorization to pay now meet the statutory standard of 11 U.S.C. § 507(a)(4)(B).

However, Debtor's supplemental pleadings also included a memorandum of points and authorities requesting that the court reconsider its tentative ruling that independent contractors qualify for priority claim treatment only under 11 U.S.C. §507(a)(4)(B) and that such qualify for priority claim treatment under 11 U.S.C. § 507(a)(4)(A) since there is no limiting language to employees only. In the points and authorities, Debtor requests that it be authorized to pay outstanding prepetition payments owed to all independent contractors under 11 U.S.C. § 507(a)(4)(A), that is, without being subject to the requirement of 11 U.S.C. § 507(a)(4)(B) that at least 75 percent of an independent contractor's earnings from sale of goods or services come from Debtor in the 12 months immediately preceding the filing of Debtor's bankruptcy petition. *Supplement to Motion for an Order Authorizing the Debtor to Pay Pre-Petition Wages, Employee Deductions and Related Relief,* ECF 25, at 2-9, *citing inter alia, In re Corcoran,* 2010 WL 5207589 (Bankr. D. Haw. 2010); *but see,* 4 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 507.06[3][b] at 507-29 (16th ed. 2015), *citing,* 11 U.S.C. § 507(a)(4)(B) ("For commissions owed to independent contractors to qualify for priority, the independent

1 contractor must have been acting as such for the debtor with regard to the sale of goods
2 or services in the ordinary course of the debtor's business.") .

3     After considering Debtor's supplemental pleadings and some preliminary legal
4 research of the issues raised by the motion, the court believes that it would be helpful for
5 the court to issue a written opinion on these issues in light of the paucity of case law on
6 these issues.  However, given the shortened time for considering the motion, including
7 Debtor's supplemental pleadings, the court will rule now as follows:

8   1. The motion is further granted in part to authorize Debtor to pay the prepetition
9     commissions of Katherine Lam and Pau Torruella since it appears that they
10     have made a prima facie showing that their claims would be entitled to priority
11     status of 11 U.S.C. § 507(a)(4)(B) since Mr. Torruella attests that more than
12     75% of his commissions from sales of goods or services are earned from
13     Debtor and Ms. Lam attests that more than 75% of her commissions are
14     earned from acting as an independent contractor in the sale of goods or
15     services (i.e., graphic design services) was earned from Debtor.  However, this
16     authorization to pay the prepetition commissions of these workers is subject to
17     the same conditions in the court's initial order on the motion entered on
18     November 12, 2015 that the amount paid to each worker may not exceed the
19     limit of 11 U.S.C. § 507(a)(4), that neither worker is an insider of Debtor and
20     that the payment to both of these workers will not render the Debtor
21     administratively insolvent.
22   2. The further hearing on the motion scheduled for November 17, 2015 at 1:30
23     p.m. is continued to November 25, 2015 at 10:30 a.m.  The court will hear
24     further argument from Debtor and other interested parties at that time.  No
25     appearances are required on November 17, 2015.
26   3. Debtor is authorized to file further declarations of other independent
27     contractors for whom it seeks authorization to pay their prepetition
28

1   commissions to show that they satisfy the conditions of 11 U.S.C. §

2   507(a)(4)(B).

3   IT IS SO ORDERED.

4                                      ###

23  Date: November 16, 2015

24                                      _____
                                        Robert Kwan
                                        United States Bankruptcy Judge

4